IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOWARD FRANK WILLIAMS,

                Petitioner,                OPINION AND ORDER

     v.                                          08-cv-221-slc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

      Howard Frank Williams, an inmate at the Wisconsin Secure Program Facility, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a 50-year aggregate sentence for his 1992 Milwaukee County convictions for felony murder and two counts of armed robbery. Petitioner contends that he is in custody in violation of his constitutional right to the assistance of counsel on direct appeal. Before the court is respondent's motion to dismiss the petition as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). Because the petition is untimely and no equitable circumstances exist that would warrant application of the doctrine of equitable tolling, I will grant the motion and dismiss the petition.

      One administrative matter requires mention. Peter Huibregtse has replaced Richard Schneiter as the warden of the Wisconsin Secure Program Facility. In accordance with Fed.

R. Civ. P. 25(d), I have amended the caption to reflect that Peter Huibregtse is the proper respondent to the petition. I will direct the clerk's office to do the same.

FACTS

The facts are undisputed. Petitioner was convicted on March 16, 1992 in the Circuit Court for Milwaukee County of felony murder and two counts of armed robbery pursuant to a guilty plea. He was sentenced to a total of 50 years' imprisonment. The state public defender's office appointed Donna Hintze to represent petitioner in postconviction proceedings. However, petitioner did not take a direct appeal from his conviction. Instead, in 1993, he filed a *pro se* motion for postconviction relief pursuant to Wis. Stat. § 974.06, alleging that his trial and appellate lawyers had been ineffective, that his plea was unknowing and involuntary and that the trial court should have held a competency hearing. Petitioner also requested the appointment of counsel. On August 2, 1993, the circuit court denied petitioner's motion for the appointment of counsel, noting that the record indicated that a lawyer had already been appointed. The court denied petitioner's substantive motions summarily, noting that it was doing so to "avoid confusion and duplication of efforts." It encouraged petitioner to discuss the issues with his lawyer so that she could refile them if necessary. On September 2, 1993, Hintze wrote to petitioner and explained that she had closed her files on February 18, 1993, after petitioner had determined that he wanted to proceed *pro se*.

2

Petitioner appealed the trial court's order. On August 16, 1994, the Wisconsin Court of Appeals issued a decision finding no merit to petitioner's claims. The Wisconsin Supreme Court denied review on October 24, 1994.

On November 18, 1996, petitioner filed a letter in the court of appeals, complaining that Hinze had failed to file a no merit report. The court construed the letter as a petition for a writ of habeas corpus. On November 29, 1996, the court issued an order denying the writ, explaining that under the court of appeals' recent decision in State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W. 2d 136, 139 (Ct. App. 1996), a motion alleging the ineffective assistance of postconviction counsel had to be filed in the trial court. Petitioner then submitted a more carefully crafted writ, alleging that he had been denied his first appeal as of right and that relief was warranted under State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (challenges to counsel's briefing and oral argument in court of appeals, such as claim that counsel failed to brief meritorious issues, should be raised by means of petition for habeas corpus in appellate court that heard appeal).

On February 7, 1997, the court rejected the petition, adhering to its view that the trial court was the proper court to hear petitioner's claim. Following the court's advice, on June 17, 1997, petitioner filed a petition for a writ of habeas corpus in the trial court. Making no mention of the court of appeals' prior decisions, the court denied the petition on July 10, 1997, finding that under State v. Knight, the proper court to hear petitioner's claims was the court of appeals.

Apparently, petitioner gave up. He did not appeal the trial court's order or take any more action with respect to his conviction until October 26, 2005, when he attempted to resurrect his claim of ineffective assistance of appellate counsel by filing a motion in the trial court. The court denied the motion, explaining that petitioner had not appealed the July 10, 1997 order or taken any action on his case for more than eight years. The court of appeals affirmed this order on August 14, 2007, and the Wisconsin Supreme Court denied review on November 5, 2007. Petitioner filed his federal habeas petition on April 17, 2008.

OPINION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year limitations period for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. Under § 2244(d)(1), the one-year limitation period begins to run from the latest of: A) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which any state impediment to filing the petition was removed; C) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. In addition, the one-year deadline may be tolled if "some impediment of a variety not covered in § 2244(d)(1) prevents the filing of a federal collateral attack." Owens v.

Boyd, 235 F.3d 356, 360 (7th Cir. 2000).  See also Lawrence v. Florida, 127 S. Ct. 1079, 1085 (assuming without deciding that equitable tolling is available under § 2244).  Such an impediment must have been an "extraordinary circumstance" that stood in petitioner's way of filing a timely petition.  Lawrence, 127 S. Ct. at 1085.

Petitioner makes a number of different arguments in response to the state's motion.  First, he asserts that his one-year period has not yet begun because his appointed appellate lawyer abandoned him and "to this day [he] has never had his first direct appeal."  This argument is without merit.  The statute provides that the one-year period begins when a state court judgment becomes final, which may occur either "by the conclusion of direct review" *or* "the expiration of the time for seeking such review."  Under Wisconsin law, a person who is being represented by the state public defender for purposes of seeking postconviction relief has 60 days after receipt of the last transcript in the case in which to file a postconviction motion or appeal. Wis. Stat. § 809.30(2)(h).  If no motion or appeal is filed within that period, the appeal expires and the judgment becomes final.  Although it is unclear from the record in this case precisely when petitioner's deadline for filing a postconviction motion or appeal expired, it is plain that it occurred long ago, in late 1992 or early 1993.  Thus, even though petitioner never had a direct appeal, his time for seeking that appeal expired long ago and his conviction became final.

Because petitioner's conviction became final before April 24, 1996, the enactment date of the Antiterrorism and Effective Death Penalty Act, he had until April 24, 1997 in

5

which to file a federal habeas petition.  <u>Lindh v. Murphy</u>, 96 F.3d 856, 866 (7th Cir. 1996), <u>rev'd on other grounds</u>, 521 U.S. 320 (1997) (allowing state prisoners grace period of one year after Act's enactment in which to file federal habeas petition).  Petitioner did not file a federal habeas petition before that deadline.  However, on November 18, 1996, with 157 days of the grace period remaining, petitioner filed a letter with the Wisconsin Court of Appeals that the court construed as an application for a writ of habeas corpus and denied *ex parte*.  Then, petitioner filed a postconviction motion pursuant to Wis. Stat. § 974.06 in the Circuit Court for Milwaukee County.  That motion was denied on July 9, 1997.  Petitioner did not take any further action to challenge his conviction until October 26, 2005.

Pursuant to 28 U.S.C. § 2244(d)(2), the Act's one-year limitations period is tolled during the pendency of any properly filed application to the state for post-conviction relief.  Assuming for the sake of argument that petitioner's state court application for a writ of habeas corpus and motion for postconviction relief were a) "properly filed" and b) "pending" continuously from November 18, 1996 to July 9, 1997 so as to toll the limitations period, the limitations period began running again on July 10, 1997.  It expired 157 days later, on December 13, 1997.

Petitioner did not file a federal habeas petition or a state court application for post-conviction relief before December 13, 1997.  The next action he took to challenge his conviction was the filing of a state petition for habeas corpus on October 26, 2005.  Accordingly, his federal habeas petition is plainly untimely.

Petitioner blames his inactivity on the conflicting decisions from the state trial court and court of appeals, which he says gave him the "run-around" regarding which was the proper forum for bringing his allegation that he had received the ineffective assistance of post-conviction/appellate counsel. Petitioner asserts that he knew he had to exhaust his state court remedies before turning to federal court, but could not exhaust his state court remedies because he was "trapped" without a remedy between the state trial and appellate courts.

Petitioner's apparent confusion and frustration with the state courts is understandable. It would be frustrating to any litigant to be told by one court to file in another, only to have that court tell you that the first court was the proper forum, and much more frustrating to a prisoner proceeding *pro se*. Nonetheless, the state courts did not *prevent* petitioner from filing a federal habeas petition. Petitioner could have filed a federal habeas petition and explained the exhaustion problem he was having in the state courts. The requirement that an applicant for federal habeas relief first exhaust his state court remedies is not iron-clad, but may be excused if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Further, under § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Accordingly, petitioner's contention that the state impeded him from filing his petition does not change the fact that his petition is too late.

Petitioner also attributes his delay to his limited mental abilities and lack of legal training, explaining that during the eight years from 1997 to 2005, he was learning how to read and write and understand the law. Unfortunately for petitioner and hundreds of inmates like him, such circumstances are insufficient to excuse petitioner's untimely filing. As the Court of Appeals for the Seventh Circuit explained in Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000):

> Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

In sum, because petitioner has failed to show that any circumstance exists that would justify application of one of the statutorily enumerated grounds for tolling or the doctrine of equitable tolling, his petition must be dismissed as untimely.

ORDER

IT IS ORDERED that:

1. Peter Huibregtse is substituted for Richard Schneiter as the proper respondent in this action.

2. The motion of respondent Peter Huibregtse to dismiss the petition for petitioner's failure to file it within the statutory limitations period is GRANTED. Petitioner's application for federal habeas relief is DISMISSED WITH PREJUDICE.

Entered this 30th day of September, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge