IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOWARD FRANK WILLIAMS,

                Petitioner,                ORDER

     v.                                         08-cv-221-slc

RICHARD SCHNEITER, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

Petitioner Howard Williams has filed a notice of appeal from this court's order and judgment entered September 30, 2008, dismissing his petition for a writ of habeas corpus on the ground that it is untimely. He seeks leave to proceed in forma pauperis on appeal. I assume that he also seeks a certificate of appealability, as required by 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at484. Thus, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85.

Reasonable jurists would not debate the correctness of this court's procedural determination that the petition is untimely. Petitioner missed his deadline for filing his habeas petition by approximately eight years and he failed to show any circumstance that would justify either statutory or equitable tolling of the limitations period. Petitioner has not supported his implied request for a certificate of appealability with any argument calling into question the correctness of that ruling. Accordingly, his request for a certificate of appealability will be denied.

I am also denying his request to proceed in forma pauperis on appeal because I find that his appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). No reasonable person could suppose there is any merit to an appeal where petitioner has not made any colorable showing that his delay in filing his petition was caused by an "extraordinary" circumstance

2

beyond his control.  Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000) (appeal not in good faith unless reasonable person could suppose it has merit).

ORDER

IT IS ORDERED that:

1. Petitioner's request for a certificate of appealability is DENIED.  Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith.  If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 29th day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge